TENCING; GRANT MOTION TO SUP-PLEMENT THE RECORD.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Luis REYES–ROCHA, also known
as Reynaldo Reyes Rocha,
Defendant–Appellant.

Nos. 06–50039, 06–50040.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided July 13, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Luis Reyes–Rocha raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Luis TREVINO–GOMEZ, also
known as Antonio Garcia–Gonzalez, Defendant–Appellant.

No. 06–40208.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided July 13, 2006.

James Lee Turner, Julia Bowen Stern, Assistant U.S. Attorneys, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Molly E. Odom, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM: *

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

Appealing the Judgment in a Criminal Case, Jose Luis Trevino–Gomez raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eduardo Barrios De La TORRE,
Defendant–Appellant.**

**No. 05–51530.
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided July 13, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Eduardo Barrios De La Torre raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jorge RAMIREZ–RICO, also known as
Jorge Lopez–Ramirez, Defendant–
Appellant.**

**No. 05–51498.
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided July 13, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Donna F. Coltharp, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.